IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JONATHAN L. RISHEL, | : | |
|     Plaintiff | : | No: |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF PENNSLYVANIA, | : | |
| RICK FINNEGAN, HEATHER BOLLINGER, | : | |
| MIRANDA MARTIN, NICHOLAS SHERLOCK, | : | |
| JARED FENCIL, ANDREW ST. JOHN, and | : | |
| DEPARTMENT OF CONSERVATION and | : | |
| NATURAL RESOURCES, | : | JURY TRIAL DEMANDED |
|     Defendants | : | |

**COMPLAINT**

1. Plaintiff Jonathan L. Rishel is an adult individual who resides in Northumberland County, Pennsylvania.

2. Defendant Commonwealth of Pennsylvania and DCNR (hereinafter collectively referred to as "Commonwealth") is an agency of the Commonwealth charged with law enforcement in matters involving hunting of wild animals, and the management of Pennsylvania's state parks and natural resources, including personnel hiring, promotion, terminations, supervision, discipline, and all other personnel actions within the DCNR, located at 400 Market Street, Harrisburg, Pennsylvania.

3. Defendant, Rick Finnegan, is an adult individual, who at all times relevant to this Complaint was a Game Warden, employed by the Defendant Commonwealth of Pennsylvania, through the Game Commission, in Sullivan County, Pennsylvania.

4. Defendant, Heather Bollinger, is an adult individual, who at all times relevant to this Complaint was a Park Manager and/or Chief of Division of Park Operations and Management, employed by the Defendant Commonwealth of Pennsylvania and Department of Conservation and Natural Resources (hereinafter DCNR) and supervisor

1

of Plaintiff.

5. Defendant, Nicholas Sherlock, is an adult individual, who at all times relevant to this Complaint was a Park Manager, employed by the Defendant Commonwealth of Pennsylvania and DCNR and former supervisor of Plaintiff. Sherlock Currently works for the Commonwealth Department of Environmental Protection.

6. Defendant, Jared Fencil, is an adult individual, who at all times relevant to this Complaint was a Park Manager and Assistant Regional Manager, for Region One, employed by the Defendant Commonwealth of Pennsylvania and DCNR and former supervisor.

7. Defendant, Andrew St. John, is an adult individual, who at all times relevant to this Complaint was a Regional Manager for state parks located in Region Three, employed by the Defendant Commonwealth of Pennsylvania and DCNR.

8. Defendant Miranda Martin is an adult individual, who at all times relevant to this Complaint was employed by the Defendant Commonwealth of Pennsylvania as Director of the Bureau of Talent Acquisition and Director of the Talent Management Office for the Commonwealth and DCNR as chief policy maker in charge of all policies and procedures for personnel hiring, promotion, and terminations within the Commonwealth.

9. This is an action to redress the deprivation under color of statute, custom or usage of the rights, privileges, and immunities secured to the Plaintiff by the Constitution of the United States and 42 U.S.C. §1983.

10. Federal District Court has jurisdiction over the claims asserted in this Complaint pursuant to the provisions of 28 U.S.C. §1331 and 1367.

11. Venue lies in the Federal District Court for the Middle District of Pennsylvania pursuant to the provisions of 28 U.S.C. §1391.

12. Since 2015, Plaintiff was employed by the Commonwealth as a seasonal DCNR Park Ranger and discharged his duties faithfully and to the best of his abilities with positive evaluations and no negative disciplinary record.

13. At all times relevant to this Complaint, Plaintiff has been a paying member of Big Run Rod &Gun Club (hereinafter the Club), a domestic nonprofit corporation, which owns land for hunting in Sullivan County, Pennsylvania.

14. On October 2, 2020, Plaintiff was placed on leave from his seasonal Park Ranger position with a potential return date of March 13, 2021, which would only be effective if Plaintiff notified the DCNR of his intent to return by December 31, 2020.

15. On or about November 14, 2020, Defendant Finnegan, entered the land owned by the Club as a state game warden and charged several members of the Club, none of whom was Plaintiff, with illegal hunting activities on the land and decreed that no hunting activities would take place on the land by anyone for one year.

16. On November 16, 2020, concerned about the impact that Finnegan's activity would have on the innocent members of the Club, Plaintiff, on his own time and from home, phoned Finnegan and inquired about Finnegan's investigation, findings, and probable cause and/or reasonable suspicion to enter the property and also challenged his justification to suspend the hunting rights of the innocent Club members, including but not limited to Plaintiff, who had not hunted on the property in over 10 years.

17. On or about, January 9, 2021, Finnegan submitted to DCNR a written statement against Plaintiff including falsehoods concerning his investigation at the Club

and Plaintiff's phone call in order to retaliate against Plaintiff's protected First Amendment speech, contained in the phone call of November 16, 2020.

18. On March 8, 2021, Plaintiff was notified that he had a disciplinary hearing scheduled for March 23, 2021 in connection with Finnegan's statement.

19. On March 13, 2021, Plaintiff resigned his seasonal park ranger position rather than face the stress and anxiety of attempting to clear his name from this retaliation.

20. In 2023, Plaintiff became interested in working again for the DCNR and applied for park ranger and park ranger trainee positions open at Colonel Denning State Park, both positions for which he was very well qualified.

21. On May 16, 2023, Plaintiff attended an interview with the DCNR and the interview went very well and both references contacted on that date were positive and he was the successful candidate upon information and belief at this time.

22. On May 17, 2023, Nicholas Sherlock gave an untrue and negative reference for Plaintiff, specifically referencing incorrectly that Plaintiff had "used his badge to try to get friend out of Game Commission trouble, abuse of that power," referencing Plaintiff's 11/16/2020 phone call to Finnegan.

23. On May 18, 2023, Plaintiff was informed, he believed by Miranda Martin, that the positions which he had applied for would not be filled and would remain open.

24. On May 25, 2023, Heather Bollinger in conjunction with action by Defendant St. John gave an untrue and negative statement concerning Plaintiff alleging that while he was still employed by the DCNR, she had "become aware of an official complaint lodged against him by a PGC warden alleging that he tried to use his position as a L.E.

4

officer to influence the warden to drop charges against another individual," referencing Plaintiff's 11/16/2020 phone call to Finnegan.

25. On May 26, 2023, Jared Fencil gave an untrue and negative statement concerning Plaintiff alleging that Plaintiff had "issues with another Agency where he ended up overstepping his bounds which put DCNR in a bad light.  It was a bad judgment call on his part as to how he handled that whole situation and became argumentative," referencing Plaintiff's 11/16/2020 phone call to Finnegan.

26. The negative reviews of Fencil and Bollinger listed above were deliberately solicited by Defendant St. John and Bollinger to retaliate against Plaintiff for his speech in the phone conversation with Finnegan, and they used this information to retaliate against Plaintiff by initiating efforts to deny him employment with the DCNR and have him removed from the civil service list as indicated elsewhere in this complaint.

27. Subsequently, on June 21, 2023, Plaintiff was notified by the Commonwealth through the Office of Administration, Talent Management Office, believed to be Miranda Martin, that the Office was processing a request by the DCNR to remove Plaintiff's name from future DCNR Civil Service Lists.

28. The removal notice cited in part "a lack of professionalism is shown as the result of the 2021 PDC involving an incident where a Game Warden of the Game Commission was contacted by you and you requested a professional courtesy because you were a DCNR Ranger at the time, related to citations issued to several members of the Big Run Hunting Camp where you are a member," referencing Plaintiff's 11/16/2020 phone call to Finnegan.

29. On July 13, 2023, Miranda Martin notified Plaintiff that she had granted the

DCNR request and his name would be removed from all DCNR Ranger lists until July 13, 2024.

30. Defendants were state actors at all times relevant to this Complaint.

31. Defendants Bollinger, St. John, and Martin are joint and individual policy makers for the Commonwealth on matters concerning personnel hiring, promotion, terminations, supervision, discipline, and all other personnel actions within the DCNR.

## COUNT I

## PLAINTIFF V. INDIVIDUAL DEFENDANTS

## 42 U.S.C. §1983

## FIRST AMENDMENT RETALIATION – FREE SPEECH

32. Paragraphs 1 through 31 are incorporated herein by reference as though set forth in full.

33. As described throughout this Complaint, Plaintiff engaged in protected activity by speaking as a private citizen on matters of public concern in his phone conversation with Finnegan on 11/16/2020 and Defendants retaliated against him for engaging in that protected activity as indicated throughout this Complaint and the retaliation is sufficient to chill a reasonable person's inclination to engage in protected activity.

34. As a result of these actions, Plaintiff has suffered damages including lost wages and benefits, harm to his reputation, fear, anxiety, anguish, embarrassment and emotional distress.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter judgment against Defendants for compensatory damages, costs, attorney's fees, punitive damages, and for any such other relief as the Court may deem appropriate.

## COUNT II

## PLAINTIFF V. COMMONWEALTH OF PENNSYLVANIA (Monell)

## 42 U.S.C. §1983

### FIRST AMENDMENT RETALIATION – FREE SPEECH

35. Paragraphs 1 through 34 are incorporated herein by reference as though set forth in full.

36. The Commonwealth adopted a policy, procedure, practice or custom wherein it would retaliate against individuals who would apply for positions with the DCNR for engaging in protected speech by refusing to hire them, removing them from eligibility and civil service lists, and by initiating unfounded investigations and soliciting negative and untrue statements to gather evidence against them in order to establish pretext for their retaliation.

37. The free speech of Plaintiff contained on his 11/16/2020 phone call to Finnegan as detailed in this Complaint was a substantial or motivating factor in the Commonwealth's retaliatory acts as described in this Complaint.

38. As a direct and proximate result of the Commonwealth's unlawful retaliation against Plaintiff for the exercise of his free speech, Plaintiff has suffered damages including but not limited to, lost wages, lost benefits, loss of reputation, fear, anxiety, anguish, embarrassment and emotional distress.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter judgment in his favor and against the Commonwealth for compensatory damages, costs, attorney's fees, punitive damages, and any such other relief as the Court deems just and appropriate.

**SCHEMERY ZICOLELLO**

By: s/*Joshua J. Cochran*
Joshua J. Cochran
ID No. 206807
Attorney for Plaintiff
333 Market Street
Williamsport, PA 17701
Phone: (570) 321-7554
Email: josh@sz-law.com